UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

JANE ARLENE WHITE,
        *Defendant-Appellant.*

No. 01-4815

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
W. Earl Britt, Senior District Judge.
(CR-99-226)

Submitted: February 11, 2002

Decided: March 12, 2002

Before WILKINS, WILLIAMS, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, L. Patrick Auld, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Jane Arlene White appeals the district court's judgment revoking her term of supervised release and sentencing her to twenty-four months in prison. White's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising one issue but stating that, in his view, there are no meritorious grounds for appeal. White filed a pro se supplemental brief addressing the same issue raised by counsel. Finding no reversible error, we affirm.

White claims that the district court abused its discretion in imposing a twenty-four month sentence because it exceeded the recommended sentencing range of three to nine months set out in *U.S. Sentencing Guidelines Manual* ("USSG") § 7B1.4(a) (2000). We review the reasonableness of a revocation sentence for abuse of discretion. *United States v. Davis*, 53 F.3d 638, 642-43 (4th Cir. 1995).

Based on our review of the record, we find that the district court did not abuse its discretion in sentencing White to the statutory maximum sentence of twenty-four months. The sentencing ranges contained in Chapter Seven of the Guidelines are "non-binding, advisory guides to district courts in supervised release revocation proceedings." *Davis*, 53 F.3d at 642. Once a district court considers Chapter Seven's policy statements, the court is free to exercise its discretion to reject the suggested sentence and impose the statutorily authorized sentence it deems appropriate. *Id.* at 642-43. Although the district court did not explicitly mention the suggested sentencing range in imposing sentence, we find that the issue was "fully presented for determination" and thus "[c]onsideration is implicit in the court's ultimate ruling." *Id.* at 642.

As required by *Anders*, we have examined the entire record and find no other meritorious issues for appeal. Accordingly, we affirm

the district court's judgment. This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*